UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **NESHANDRA HILL** | **CIVIL ACTION** |
| **VERSUS** | **NO: 20-1896** |
| **GEOVERA SPECIALTY INS. CO, ET AL** | **SECTION: "S" (3)** |

### ORDER AND REASONS

**IT IS HEREBY ORDERED** that plaintiff's **Motion to Remand** (Rec. Doc. 8) is **GRANTED**, and this matter is **REMANDED** to the Civil District Court for the Parish of Orleans.

### BACKGROUND

Plaintiff's complaint alleges state law breach of contract claims against her insurer and a fire damage mitigation company retained by her insurer arising out of a fire at her home. Plaintiff filed suit in state court against her insurer, Geovera Specialty Insurance Company ("Geovera"), and ServPro of the New Orleans Westbank ("ServPro"), the trade name of Rug Busters, Inc., the mitigation company. Rug Busters, Inc., wrongfully named ServPro of the New Orleans Westbank doing business as ServPro of the New Orleans Westbank, has filed an answer to the suit. It is undisputed that both plaintiff and Rug Busters, Inc. are citizens of Louisiana.

### DISCUSSION

Geovera removed this action alleging that this court has diversity subject matter jurisdiction under 28 U.S.C. § 1332(a)(1), which provides that district courts have original

jurisdiction over civil actions where the amount in controversy exceeds $75,000, exclusive of interest and costs, and are between citizens of different states. Geovera contends that in filing suit against ServPro, plaintiff sued a fictitious entity, and pursuant to 28 U.S.C. § 1441, which provides, that "[i]n determining wehther a civil action is removable on the bais of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded," the court may not consider ServPro's non-diverse citizenship.

Motions to remand to state court are governed by 28 U.S.C. § 1447(c), which provides that "[i]f at any time before the final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." The removing defendant bears the burden of demonstrating that federal jurisdiction exists and therefore that removal was proper. Jernigan v. Ashland Oil, Inc., 989 F.2d 812, 815 (5th Cir. 1993).

In assessing whether removal is appropriate, the court is guided by the principle, grounded in notions of comity and the recognition that federal courts are courts of limited jurisdiction, that removal statutes should be strictly construed. See Manguno v. Prudential Prop. & Cas. Ins. Co., 276 F.3d 720, 723 (5th Cir. 2002). Doubts regarding whether federal jurisdiction is proper should be resolved against federal jurisdiction. Acuna v. Brown & Root, 200 F.3d 335, 339 (5th Cir. 2000). The removing defendant bears the burden of demonstrating that federal jurisdiction exists and therefore that removal was proper. Jernigan v. Ashland Oil, Inc., 989 F.2d at 815.

The court first observes that ServPro is a trade name, not a fictitious entity, in the sense that "John Doe" or "XYZ Insurance Company" defendants are fictitious entities. Thus, plaintiff

has misnamed the defendant, not sued a fictitious entity. More importantly, however, the correct defendant, Rug Busters, Inc., d/b/a ServPro of the New Orleans Westbank, a citizen of Louisiana, has answered the suit, and issue is joined between a plaintiff and a defendant that are both citizens of Louisiana. Accordingly, complete diversity is lacking, and therefore,

**IT IS HEREBY ORDERED** that plaintiff's **Motion to Remand** (Rec. Doc. 8) is **GRANTED**, and this matter is **REMANDED** to the Civil District Court for the Parish of Orleans.

New Orleans, Louisiana, this 9th day of September, 2020.

**MARY ANN VIAL LEMMON**
**UNITED STATES DISTRICT JUDGE**